RICHARD MASON WELLS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wells v. Commissioner
Docket No. 17175-81
United States Tax Court
T.C. Memo 1982-676; 1982 Tax Ct. Memo LEXIS 75; 45 T.C.M. (CCH) 173; T.C.M. (RIA) 82676; November 22, 1982. Richard Mason Wells, pro se James Gehres, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge James M. Gussis pursuant to the provisions of section 7456(c), Internal Revenue Code of 1954, [1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. *76 OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: Respondent determined a deficiency in petitioner's Federal income tax for 1977 in the amount of $836. The issue is whether petitioner is entitled to deduct as educational expenses under section 162 certain payments for flight-training expenses for which he received nontaxable reimbursement from the Veterans' Administration. FINDINGS OF FACT Some of the facts were stipulated and they are found accordingly. Petitioner resided in Aurora, Colorado at the time the petition herein was filed. Petitioner was a captain in the United States Air Force until December 20, 1977. During 1977 he served as aircraft commander of a C-141 multi-engine passenger/cargo transport aircraft. The crew of a C-141 included two flight engineers who were subordinate to the aircraft commander. From October 19, 1977 to October 28, 1977 petitioner was enrolled in a training course conducted by Summerville Aviation in Summerville, South Carolina for the purpose of obtaining an aircraft transport license. The cost of the training was $622. From October 31, 1977 to December 28, 1977 petitioner was enrolled in the flight engineering *77 school conducted by Braniff Educational Systems in Dallas, Texas. The curriculum of the flight engineering school included ground school, simulator training and aircraft training. The cost of this training was $4,586. Petitioner was entitled to and received in 1977 veterans' benefit payments pursuant to 38 U.S.C. sec. 1677 (1977) in the amounts of $4,127 and $562. These reimbursements represented 90 percent of the costs incurred for the flight-engineering and the aircraft transport training programs. Pursuant to 38 U.S.C. sec. 3101 (1976) petitioner did not include the veterans' benefit payments of $4,689 in taxable income for 1977. He claimed a deduction on his 1977 Federal income tax return of $5,208, consisting of $4,586 for flight engineering training and $622 for aircraft transport license training. Respondent disallowed the deduction in full. OPINION Respondent conceded at the trial that petitioner's training meets the threshold requirement for deductibility under section 162, i.e., the training maintained or improved skills required by petitioner in his employment and did not qualify him for a new trade or business. *78 See section 1.162-5, Income Tax Regs. Respondent contends however that such training costs are not deductible to the extent that petitioner received nontaxable reimbursement for such expenditures from the Veterans' Administration. We agree. This same issue was fully considered by this Court in Manocchio v. Commissioner,78 T.C. 989 (1982), on appeal (9th Cir. Sept. 20, 1982), where we held that the deduction of reimbursed flight-training costs is barred by section 265. Under this provision, no deduction is allowed for any amount, otherwise allowable as a deduction, which is "allocable to" a class of income exempt from tax. In the Manocchio case, construing the broad statutory language against the background of the policy behind the statute, we found that the VA reimbursements of flight-training costs qualified as a class of exempt income and that the fundamental nexus between the reimbursement and the expense brought such expense within the "allocable to" requirement of the statute. We stated in the Manocchio case at page 997: In short, there is nothing in the legislative history of the relevant veterans' provisions [38 U.S.C. sec. 3101 *79 (a) and sec. 1677] to suggest that Congress intended for a veteran to have both an exemption and a tax deduction where his reimbursed flight-training expenses otherwise qualify as deductible business-related education. On the other hand, the legislative purpose behind section 265 is abundantly clear: Congress sought to prevent taxpayers from reaping a double tax benefit by using expenses attributable to tax-exempt income to offset other sources of taxable income. This is precisely what petitioner is attempting to do here, and in our judgment, the application of section 265(1) to disallow the reimbursed portion of the flight-training expense deduction is both reasonable and equitable. Petitioner also argues against the purportedly discriminatory aspects of Rev. Rul. 80-173, 1980-2 C.B. 60, in which the respondent announced that flight-training expenses for which the veteran is reimbursed under 38 U.S.C. 1677 are not deductible. Rev. Rul. 80-173 distinguished and clarified Rev. Rul. 62-213, 1962-2 C.B. 59. The 1962 ruling stated that expenses incurred by veterans for education, which were otherwise properly deductible, *80 were not required to be reduced by nontaxable VA reimbursement payments received by veterans. The 1980 revenue ruling was limited to reimbursement payments made to veterans under 38 U.S.C. 1677 and distinguished the subsistence and educational allowance payments made to veterans under 38 U.S.C. sec. 1681 (1976). The tax treatment of this latter category of payments, which was deemed to be "in the nature of a living stipend determined without regard to amounts expended", was left under Rev. Rul 62-213. We concluded in the Manocchio case that the different treatment accorded in the 1980 revenue ruling to veterans payments under 38 U.S.C. 1677 from the benefits under 38 U.S.C. 1681 was not an abuse of respondent's discretion. In reaching this conclusion we emphasized the fundamental differences in the way the benefits under the two sections were computed. We conclude on this record that petitioner is not entitled to a deduction in 1977 for the reimbursed flight-training expenses incurred over the period from October 19, 1977 to December 28, 1977. But to reflect a concession *81 made by respondent, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.